**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ELI NEHEMIAH HERNANDEZ,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **EP-26-cv-00085-LS-RFC** |
| | § | |
| **JAPAN TOBACCO INTERNATIONAL U.S.A., INC,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER ON MOTION TO TRANSFER[1]**

Before the Court is Defendant Japan Tobacco International U.S.A., Inc. D/B/A JT International U.S.A., Inc.'s, ("JTI") Opposed Motion to Transfer this Action to the U.S. District Court for the Eastern District of North Carolina, ECF No. 15 [hereinafter "Mot. Transfer'] and Amended Motion to Transfer, ECF No. 25 [hereinafter "Am. Mot. Transfer"]. The Honorable District Judge Leon Schydlower referred the case to the undersigned magistrate "for determination of all nondispositive pretrial matters and report and recommendation on all dispositive pretrial matters," pursuant to 28 U.S.C. § 636(b)(1) and Local Court Rule CV-72. Order Ref'ing Case U.S. Mag. J., ECF No. 16. For the reasons set forth below, both Motions are **DENIED.**

---

1 The Fifth Circuit has not yet addressed whether a transfer of venue is a dispositive matter, thereby limiting a magistrate judge to issuing a report and recommendation, or a nondispositive matter within a magistrate judge's authority to decide. In line with the district courts that have held that an order transferring venue is a nondispositive matter within a magistrate judge's authority, this Court concludes that it may properly hear and decide the Motion. *See Arena IP, LLC v. New England Patriots, LLC*, No. 4:23-CV-00428, 2023 WL 8711081, at *1, n.1 (S.D. Tex. Nov. 20, 2023) (collecting cases).

## I. BACKGROUND

Plaintiff, a member of the United States Army National Guard and resident of El Paso, Texas, initiated this action in the Western District of Texas. Pl.'s Orig. Compl., ECF No. 6 [hereinafter "Compl."]. In his Complaint, Plaintiff set forth retaliation and discrimination claims against his employer, JTI, pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). *Id.* at 12–13.

Plaintiff was hired on or around February 12, 2024 to work in a sales position as a Business Advisor for JTI's El Paso territory. Compl. at 3. Plaintiff's job was to market JTI's products to businesses within the territory. *Id.* While employed, Plaintiff successfully sold JTI's products in El Paso, Texas. *Id.* at 5. On February 25, 2025 Plaintiff was terminated from his position. *Id.* at 8. Plaintiff alleges he was terminated due to his National Guard service in violation of USERRA. *Id.* at 12-13.

In his Complaint, Plaintiff stated "[v]enue is proper in the Western District of Texas because JTI maintains a place of business in El Paso, Texas." Compl. at 2. In its Answer, JTI "denied that venue is proper in the Western District of Texas," and stated it "expressly reserve[d] the right to challenge venue and to seek transfer of this action to a proper venue, the Eastern District of North Carolina." Def. Japan Tobacco Int'l U.S.A., Inc. D/B/A Jt Int'l U.S.A., Inc.'S Orig. Ans. ¶ 5, ECF No. 9 [hereinafter "Ans."]. Thereafter, JTI filed a Motion to Transfer requesting that the Court transfer the action to the Eastern District of North Carolina pursuant to 28 U.S.C. Section 1404(a). Mot. Transfer. Upon request of the Court, JTI filed an Amended Motion to Transfer, again requesting the Court transfer the action to the Eastern District of North Carolina. Am. Mot. Transfer.

## II. LEGAL STANDARD

Although the question of venue is currently before the Court on motion, "[a] district court may transfer a case upon a motion or sua sponte." *Moler v. Wells*, 18 F.4th 162, 167 n. 8 (5th Cir. 2021) (quoting *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987)). And, while a Court **may** consider whether a case should be transferred "[f]or the convenience of parties and witnesses," *see* 28 U.S.C. § 1404, a case **must** be "dismiss[ed], or if it be in the interest of justice, transfer[red]," if it was filed in the wrong division or district, *see* 28 U.S.C. § 1406(a).

Generally, a civil action may be brought in the federal judicial district (1) in which "any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).[2] For all venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2).

However, USERRA includes a venue provision, Section 4323, which provides that a USERRA "action against a private employer . . . **may** proceed in the United States district court for any district in which the private employer of the person maintains a place of business." 38 U.S.C. § 4323(c)(2) (emphasis added).

---

[2] A plaintiff may initiate the action in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" only "if there is no district in which an action may otherwise be brought as provided in this section." 28 U.S.C. § 1391(b)(3).

Where a defendant moves to switch venue based on convenience, the burden falls on the movant to "demonstrate[] that the transferee venue is *clearly* more convenient . . ." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (emphasis added). District courts have "broad discretion in deciding whether to order a transfer." *Id*. at 311 (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)) (quoting *Caldwell*, 811 F.2d at 919).

However, once venue has been challenged an improper, a plaintiff is "required to come forward with evidence showing venue is proper." *Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268, (5th Cir. 1995) (citing *Advanced Dynamics Corp. v. Mitech Corp.,* 729 F.Supp. 519 (N.D. Tex. 1990)).

## III. DISCUSSION

### A. Venue is proper in the Western District of Texas.

While JTI urges the Court to use its discretion to transfer the claims under Section 1404(a), the Court will first determine whether transfer is mandated under 28 U.S. Code Section 1406(a). In his Complaint, Plaintiff stated venue was "proper in the Western District of Texas because Defendant maintains a place of business in El Paso, Texas" – mirroring the language of Section 4323. Compl. at 2.

#### *1. Proper venue may be established under Section 1391(b) or the USERRA.*

In determining whether venue is proper, the Court must confront a split in authority regarding the effect of USERRA's venue provision: whether the USERRA venue provision simply provides an *additional* basis for venue, operating alongside the general federal venue statutes, or whether Section 4323 sets out the *exclusive* framework for determining venue in USERRA cases.

Several courts have adopted the latter interpretation, finding the USERRA "expressly limit[s] venue to 'any district in which the private employer . . . maintains a place of business.'"

*Johnson v. Gen. Dynamics Info. Tech., Inc.*, 675 F. Supp. 2d 236, 240 (D.N.H. 2009) (quoting 38 U.S.C. § 4323(c)(2)); *see also Duffer v. United Cont'l Holdings, Inc.*, No. 3:13-CV-0318-GPC-WVG, 2013 WL 2147802, at *2 (S.D. Cal. May 16, 2013) (citing with approval decisions interpreting "USERRA's venue provision [to be] more restrictive than the general venue statute found at 28 U.S.C. § 1391"). Such an interpretation necessarily favors defendants by limiting the forums in which plaintiffs may seek relief.

This Court, however, finds more persuasive the reasoning set forth in *Hall v. L-3 Commc'ns Corp.*, 170 F. Supp. 3d 1316 (E.D. Wash. 2016), which interprets Section 4323 as providing an additional, rather than exclusive, means by which to properly set venue. Such an interpretation is supported by the statute's use of the permissive phrase "may proceed," which suggests supplementation rather than restriction. Indeed, had Congress intended to limit venue, it could have employed mandatory language such as "shall" or "must." *See Hall*, 170 F. Supp. 3d at 1320 (holding "[t]he USERRA venue provision is permissive because it uses the phrase 'may proceed' rather than 'must proceed' or 'shall proceed'"). And, even if the chosen modal verb could arguably introduce ambiguity as to Congress's intent, any uncertainty is dispelled by the USERRA's stated purpose – to encourage service in the uniformed services and minimize discrimination against servicemembers. *See* 38 U.S.C. § 4301(a). As the court in *Hall* observed, "it unlikely that Congress intended to greatly limit the venue options a servicemember could access in the same law that provided them with many special protections." *See Hall*, 170 F. Supp. 3d at 1320. This Court holds the USERRA provision supplements the general venue provision. Therefore, Plaintiff can properly establish venue under *either* USERRA or Section 1391.

***2. Venue is proper under Section 1391(b)(1).***

A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For venue purposes, an entity that can be sued in its common name "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id*. at § 1391 (c)(2). Here, JTI is the lone defendant. JTI can be sued in its common name, as seen in this action.

A court has personal jurisdiction over a defendant if "he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him." *Hanson v. Denckla*, 357 U.S. 235, 251 (1958) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)). When assessing personal jurisdiction for Section 1391(c)(2), the defendant must have sufficient minimum contacts with the judicial district in which the action is brought. *See* 28 U.S.C. § 1391(c)(2).

To establish minimum contacts, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson*, 357 U.S. at 253 (citing *Int'l Shoe Co.*, 326 U.S. at 319). Where a defendant:

> "deliberately" has engaged in significant activities within a State, *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 781, (1984), or has created "continuing obligations" between himself and residents of the forum, *Travelers Health Assn. v. Va.*, 339 U.S. 643, 648 (1950), he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).

Even without physical contacts "[s]o long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, [the Supreme Court has] consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Burger King*

*Corp.,* 471 U.S. at 476 (citing *Keeton*, 465 U.S. at 774–75; *Calder v. Jones*, 465 U.S. 783, 787–90 (1984); *McGee v. Int'l Life Ins. Co*., 355 U.S. 220, 222–23 (1957)). When "a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id*. at 477.

Here, JTI sold its products in the Western District of Texas. *See* Compl. at 5. JTI hired Plaintiff to specifically market and sell JTI's products within a designated area; including El Paso, Texas. *Id*. at 3. JTI targeted the Western District of Texas for sales. *Id*. JTI purposefully directed their products towards residents of the Western District of Texas. JTI maintains it has no physical connection to the Western District of Texas. *See* Am. Mot. Transfer. However, even if JTI has no physical contacts with the district, it availed itself of the privileges of conducting business within the district. *See* Compl. JTI has not presented any considerations that would make jurisdiction unreasonable. *See* Am. Mot. Transfer; *see also Burger King Corp.,* 471 U.S. at 477.

Therefore, JTI is subject to personal jurisdiction within the Western District of Texas. Because JTI is subject to personal jurisdiction within the district, under Section 1391(c)(2) JTI is deemed to reside within the district for venue purposes. *See* 28 U.S.C. §1391(c)(2). Since JTI resides within the district, venue is proper in the Western District of Texas.

**B. Transfer is denied under Section 1404(a).**

Since venue is proper in this Court, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). District courts "have 'broad discretion in deciding whether to order a transfer.'" *In re Volkswagen of Am.,* 545 F.3d at 311 (quoting *Balawajder,* 160 F.3d at 1067)

(quoting *Caldwell*, 811 F.2d at 919). First, the court must determine if the action could have originally been brought in the district the movant seeks to transfer the action. *See id*. at 312. Then, the court must weigh the private and public interest factors. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

Once all eight factors are considered, the movant must show the new venue is "*clearly* more convenient." *In re Volkswagen of Am.,* 545 F.3d at 315 (emphasis added). Therefore, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. The Fifth Circuit stated, "the standard is not met by showing one forum is more likely than not to be more convenient, but instead the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Def. Distrib. v. Bruck,* 30 F.4th 414, 432 (5th Cir. 2022) (citing *In re Volkswagen of Am.,* 545 F.3d at 314-15). To establish good cause "a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *In re Chamber of Com. of U.S. of Am.,* 105 F.4th 297, 304 (5th Cir. 2024) (quoting *In re Clarke,* 94 F.4th 502, 508 (5th Cir. 2024) (emphasis in original)).

***1. The case could have been brought in the Eastern District of North Carolina.***

Under USERRA an action against a private employer "may proceed in the United States district court for any district in which the private employer of the person maintains a place of business." 38 U.S.C. § 4323(c)(2). JTI's principal place of business is in Raleigh, North Carolina. Am. Mot. Transfer at 6. Raleigh is located within the Eastern District of North Carolina. *Id*. at 9. Therefore, this case could have been filed originally in the Eastern District of North Carolina.

***2. The private interest factors.***

*a. The relative ease of access to sources of proof.*

The first private interest factor is the relative ease of access to sources of proof. *See In re Volkswagen of Am.,* 545 F.3d at 315 (quoting *In re Volkswagen AG,* 371 F.3d at 203) (citing *Piper Aircraft*, 454 U.S. at 241 n.6). The location of evidence "bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.,* 52 F.4th 625, 630 (5th Cir. 2022) (citing *In re Volkswagen of Am.*, 545 F.3d at 316–17).

Here, JTI states it "maintains its personnel records, human resources files, employment files, employment policies, and communications regarding Plaintiff's employment at its headquarters in Raleigh, North Carolina." Am. Mot. Transfer at 9. The declaration in support of JTI's motion asserts that this evidence is "maintained, administered, or managed *through* JTI's headquarter operations in Raleigh North Carolina." Mot. Transfer Ex. 1 ¶ 7. JTI never asserts that these records are physically located in Raleigh. *Id*. JTI does not point to any physical evidence that is located in Raleigh. JTI does not assert whether the records are paper or electronic. *Id*. Plaintiff believes the records are likely electronic based on when he was employed by Defendant. Pl.'s Resp. to Def.'s Mot. to Transfer Venue, ECF No. 17 [hereinafter "Resp."]. The burden is on JTI to provide evidence clearly establishing that the Eastern District of North Carolin is a more convenient forum. *See Def. Distrib.,* 30 F.4th at 432. JTI did not provide clear evidence that there

would be easier access to proof in the Eastern District of North Carolina. Therefore, the Court finds that this factor is neutral.

*b. The availability of compulsory process to secure the attendance of witnesses.*

When evaluating this factor, "the availability of compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am., Inc.,* 52 F.4th at 630-31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc*., 828 F.3d at 488, 499 (6th Cir. 2016)) (citing *Curtis v. Galakatos*, 19 F.4th 41, 53 (1st Cir. 2021)).

JTI identified potential non-party witnesses as: Robert Richardson, Nikola Korac, and Edward Hernandez. Mot. Transfer Ex. 1 ¶ 6. JTI stated its potential witnesses are located "in multiple jurisdictions throughout the United States." *Id*. JTI did not assert that the listed witnesses are located in Raleigh, North Carolina. *Id*. Instead, it stated the witnesses are "associated with JTI's headquarters operations in Raleigh, North Carolina or otherwise support those operations." *Id*. JTI did not provide evidence of where these witnesses reside. JTI did not prove compulsory process could not be accomplished in the Western District of Texas. Furthermore, Plaintiff asserts that Robert Richardson lives in the Dallas-Fort Worth area. Resp. at 4. Again, the burden is on the party seeking a transfer to provide evidence that clearly establishes another venue would be more convenient. *See Def. Distrib.,* 30 F.4th at 432.

Furthermore, all non-party witnesses identified by JTI are employees of JTI. Mot. Transfer Ex. 1 ¶ 6. JTI did not assert that any of the witnesses may be unwilling to testify. As employees of JTI is highly likely they will be willing to testify. Therefore, even if JTI had established that there is no compulsory process in the Western District of Texas, this factor would be given less weight. *See In re Planned Parenthood Fed'n of Am., Inc.,* 52 F.4th at 630-31. Therefore, this Court concludes this factor is neutral.

c. *The cost of attendance for willing witnesses.*

When assessing the cost of attendance for willing witnesses, the location of key non-party witnesses dominates. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). When assessing the cost of attendance for witnesses "the moving litigant must make more than a general allegation that the key witnesses are inconveniently located." *Id.* (citing *Robertson v. Kiamichi R.R. Co.,* 42 F. Supp. 2d 651, 657 (E.D. Tex. 1999); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); 15 Wright, Miller, & Cooper, § 3851 at 425 (2d ed. 1986)). The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Id.* (quoting *Hupp v. Siroflex of Am., Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)) (citing *Dupre*, 810 F. Supp. at 825; *Cont'l Airlines*, *Inc. v. Am. Airlines, Inc.,* 805 F. Supp. 1392, 1396 (S.D. Tex. 1992)).

In support of its motion JTI did not state where any of its specified key witnesses are located. *See* Mot. Transfer Ex. 1 ¶ 6. JTI asserted its key witnesses are "associated" with or "otherwise support" JTI's headquarters in Raleigh, North Carolina. *Id*. JTI did not inform the Court of where exactly these witnesses are located. Because JTI offered general allegations that these witnesses were potentially inconveniently located it did not meet its burden. *See Mohamed*¸ 90 F. Supp. 2d at 775.

Plaintiff asserts that Robert Richardson, one of JTI's specified key witnesses, lives in the Dallas Fort-Worth area. Resp. Ex. 1 ¶ 16. Plaintiff identifies another key non-party witness, his life partner, who lives in El Paso, Texas. Resp. at 15. Of the non-party witnesses whose locations are established in the motions and response, El Paso is more conveniently located. The burden is on JTI to establish the location of its key witnesses and the cost of attendance to this district. Therefore, based on the facts before this Court, this factor weighs in favor of retaining the case.

*d. All other practical problems that make trial of a case easy, expeditious, and inexpensive.*

JTI did not indicate any practical problems for the Court to consider when analyzing this factor. *See* Am. Mot. Transfer at 10. Plaintiff stated a practical problem for consideration is that his counsel would not represent him if the case is transferred to the Eastern District of North Carolina. *See* Resp. at 15. However, the Fifth Circuit does not consider the convenience and availability of counsel a factor under section 1404(a) analysis. *In re Chamber of Com. of U.S. of Am.,* 105 F.4th at 305. Therefore, this factor is neutral.

***3. The public interest factors.***

*a. The administrative difficulties flowing from court congestion.*

Neither party asserted whether the Eastern District of North Carolina or this Court would have greater administrative difficulties handling this case. *See* Am. Mot. Transfer; Resp. Therefore, this factor is neutral.

*b. The local interest in having localized interests decided at home.*

To assess local interest "[w]e look not to 'the parties' significant connections to each forum . . . but rather the significant connections between a particular venue and the events that gave rise to a suit." *In re Clarke,* 94 F.4th at 511 (quoting *In re TikTok Inc.*, 85 F.4th 352, 364 (5th Cir. 2023)) (quoting *Def. Distrib.*, 30 F.4th at 435). The focus is on the *events* not the parties. *Id*. (emphasis added).

Plaintiff alleges that the events that gave rise to the complaint occurred in the Western District of Texas. *See* Resp. at 15. Plaintiff was located within the district when he alleges he was unlawfully terminated. *Id.* The effects of the events were felt in the Western District of Texas.

JTI asserts that the employment decisions regarding Plaintiff were made in JTI's headquarters in the Eastern District of North Carolina. *See* Mot. Transfer Ex. 1 ¶ 5. The

employment decision is the main event at issue in this case. Since the key event, the decision itself, took place in the Eastern District of North Carolina, this factor weighs in favor of transfer.

*c. The familiarity of the forum with the law that will govern the case.*

The substance of this action is governed by USERRA. *See* Compl. Since this case is governed by federal law, both forums would be familiar with the law and competent to handle the case. Therefore, this factor is neutral.

*d. The avoidance of unnecessary problems of conflict of laws or in the application of foreign law.*

This case is governed by federal law. *See* Compl. No conflict of laws issue was presented by Plaintiff or Defendant. *See* Am. Mot. Transfer; Response. Therefore, this factor is neutral.

Since only one factor weighs in favor of transferring to the Eastern District of North Carolina, JTI has not shown that the marginal gain in convenience would be significant. *See In re Chamber of Com. of U.S. of Am.,* 105 F.4th at 304 (quoting *In re Clarke,* 94 F.4th at 508).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer, (ECF No. 15), and Defendant's Amended Motion to Transfer (ECF No. 25) are **DENIED**.

**SIGNED** this 24th day of August, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**